```
            IN THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF OREGON
```

ROBERT T. KIRK,

        Petitioner,        Civil No. 06-1146-AA

        v.                ORDER

CHARLES DANIELS,

        Respondent.
_____

AIKEN, District Judge.

    Petitioner, an inmate at FPC Sheridan, filed a petition under 28 U.S.C. § 2241 seeking an injunction directing the Bureau of Prisons to grant his request for an educational furlough to attend an optometry continuing education program in Portland, Oregon on October 18-22, 2006. Plaintiff also seeks injunctive relief "ordering the F.P.C. Sheridan to cease

1 - ORDER

enforcing the informal, unwritten policies which are not in the CFR" and "revoking the policy that an inmate must be at F.P.C. Sheridan for six months to receive Community Custody and that a furlough request and Community Custody cannot be accepted, granted and received respectively at the same 'Team' meeting."  (sic)

If a court cannot grant the relief sought the relief sought in a § 2241 petition, the claim is moot.  Thus, I note at the outset that petitioner's only specific claim for relief, (for "expedited approval" to attend the Optometry conference in Portland) is moot given the fact that the program petitioner seeks to attend was held over a month ago.

Petitioner's arguments that he is a member of a "suspect class" and that  respondent's disparate treatment of inmates seeking furloughs constitutes a "continuing violation" of his rights are not persuasive. However, because of  petitioner's general allegations regarding alleged due process violations, I find that an analysis of petitioner's claim on the merits may be appropriate.

BOP regulations governing furloughs specify that they are "not a right, but a privilege" granted to inmates at the

2 - ORDER

warden's discretion. 28 C.F.R. §§ 570.30; 570.32; see also, Baumann v. Arizona Dep't of Corrections, 754 F.2d 841 (9th Cir. 1985); Greenholtz v. Inmates of the Nebraska Penal and Corrections Complex, 442 U.S. 1 (1979) [inmates have "no protected entitlement" to furloughs from custody where the grant or denial of the request rests within the discretion of prison administrators].

    To grant or deny furlough requests by inmates at FPC Sheridan falls within the Warden's discretion. Therefore, petitioner fails to state a constitutional or statutory claim necessary to state a claim under 28 U.S.C. § 2241.

    Even if this court were to construe petitioner's claim under the Administrative Procedure Act, see, Bush v. Pitzer, 133 F.3d 445 (7th Cir. 1997), I find that there was nothing arbitrary or capricious about respondent's denial of petitioner's furlough request in this case. The record reflects that petitioner's requests were denied because he will not be released in Oregon, because he has never practiced optometry and because he failed to establish that attending the conference would enable him to begin practicing optometry upon his release.

3 - ORDER

Petitioner's Petition for habeas corpus relief under 28 U.S.C. § 2241 is denied.  This proceeding is dismissed.

DATED this ___11___ day of December, 2006.

                                _____/s/ Ann Aiken_____
                                Ann Aiken
                                    United States District Judge